Darrel S. Jackson - 018415
Michelle R. Matheson – 019568
MATHESON & MATHESON, P.L.C.
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
djackson@mathesonlegal.com
mmatheson@mathesonlegal.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel Tolbert, a married woman, | No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Studio C Hair Salon, LLC, an Arizona corporation; Mario Rawson and Christie Rawson, a married couple, | **(JURY TRIAL REQUESTED)** |
| Defendants. | |

Plaintiff alleges:

1. This case arises out of Defendants' unlawful employment practices. Specifically, Defendant unlawfully failed and refused to pay Plaintiff Rachel Tolbert overtime as required by the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 *et seq.*

**Jurisdiction and Venue:**

2. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims under the federal Fair Labor Standards Act.

-1-

3. This Court is the proper venue, pursuant to 28 U.S.C. § 1391, because the Defendants reside in Arizona and all of the events or omissions giving rise to Plaintiff's claims occurred in Maricopa County, Arizona.

**The Parties:**

4. Mrs. Tolbert is a resident of Maricopa County, Arizona.

5. Defendant Studio C Hair Salon, LLC, ("**Studio C**") is an Arizona limited liability company located at 37555 North Hum Road #105, Carefree, Arizona 85377.

6. Defendant Christie Rawson is a member of Studio C. She exercises significant economic control over Studio C, including control over decisions regarding Plaintiff's pay and work hours. At all relevant times, she was a covered "employer" as defined in 29 U.S.C. § 203(d). All actions of Mrs. Rawson complained of herein were done on her own behalf and on behalf of her marital community.

7. Defendant Mario Rawson is a member of Studio C. He exercises significant economic control over Studio C, including control over decisions regarding Plaintiff's pay and work hours. At all relevant times, he was a covered "employer" as defined in 29 U.S.C. § 203(d). All actions of Mr. Rawson complained of herein were done on his own behalf and on behalf of his marital community.

**Factual Allegations:**

8. Studio C is a full-service beauty salon providing haircuts, hair coloring, nail treatments, facials, waxing, hair extensions, and skin smoothing treatments. Studio C also sells hair care products on a retail basis.

9. Defendants hired Plaintiff in August 2011 and she resigned in February 2013.

10. Plaintiff's primary duties were to greet customers, answer the telephone, process customer payments, wash and fold towels, sweep hair, clean the bathroom, clean work areas and equipment, stock and clean retail shelves, and sell retail products.

11. Defendants' website, at www.studiocsalonsaz.com, described Plaintiff as a receptionist. Defendants' website describes Plaintiff's replacement as a receptionist.

12. During an eight-week period around August 2012, Plaintiff also worked as a hair stylist on a fill-in basis.

13. Defendants did not pay Plaintiff on a salary basis.

14. Defendants paid Plaintiff on an hourly basis for her hours working as a receptionist.

15. Defendants paid Plaintiff on a commission basis for her work as a hair stylist.

16. Beginning in December 2011, Defendants paid Plaintiff a monthly commission on retail sales.

17. Defendants required Plaintiff to keep track of her work hours on a computer system. Defendants required Plaintiff to clock out for the time when she worked as a hair stylist on a fill-in basis. Otherwise, she clocked in at the beginning of her shift, clocked in and out for lunch, and clocked out at the end of her shift.

18. Defendants initially paid Plaintiff on a weekly basis. Effective June 21, 2012, Defendants began paying Plaintiff on a bi-weekly basis.

19. Defendants provided regular "Earning Statements" to Plaintiff. The Earnings Statements list the number of hours and minutes that Plaintiff worked during each pay period, except that they do not include the time during which Plaintiff worked as a hair stylist.

20. For each pay period, the applicable Earnings Statement lists Plaintiff's hourly rate of pay, total hourly wages, any commissions earned as a hair stylist, any commissions earned on retail sales, and total compensation.

21. Defendants regularly scheduled Plaintiff to work more than 40 hour per week.

22. The work hours reported on Plaintiff's Earnings Statements are regularly in excess of 40 hours per week.

23. Defendants knew that Plaintiff regularly worked in excess of 40 hours per workweek.

24. Defendants did not pay overtime to Plaintiff.

25. Plaintiff performed manual work.

26. Plaintiff did not work in an office.

27. Plaintiff did not set Studio C's hours or days of operation.

28. Plaintiff did not set Studio C's pricing for its services or retail products.

29. Plaintiff did not negotiate with Studio C's vendors or landlords.

30. Plaintiff did not develop or implement Studio C's marketing strategy.

31. Plaintiff did not determine Studio C's insurance needs or purchase insurance coverage on behalf of Studio C.

32. Plaintiff did not select Studio C's equipment, furnishings, or software.

33. Plaintiff did not perform accounting or bookkeeping services for Studio C.

34. Plaintiff did not hire or fire other employees.

35. Plaintiff did not make recommendations regarding hiring and firing other employees that were given particular weight.

36. Plaintiff did not issue discipline to other employees.

37. Plaintiff did not make decisions regarding other employees' work schedules.

38. Plaintiff had no managerial duties or functions.

39. Plaintiff did not customarily and regularly direct the work of other employees.

40. Plaintiff's job duties were not related to Studio C's "management or general business operations," as that phrase is used in 29 C.F.R. §541.200(a).

41. Plaintiff rarely, if ever, exercised "discretion and independent judgment" in connection with matters of significance, as that phrase is used in 29 C.F.R. § 541.200(a).

42. Plaintiff was subject to daily supervision.

43. Plaintiff was not free from supervision in connection with matters of significance.

44. Plaintiff did not have the authority to commit Defendants in matters that had significant financial impact.

45. Plaintiff received less than $100,000 in total compensation annually.

## COUNT ONE

**(Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act)**

46. Plaintiff incorporates by reference the allegations above.

47. Plaintiff was a covered "employee" and each Defendant was Plaintiff's "employer" as those terms are defined by the FLSA.

48. At all times relevant to this action, Studio C had gross revenues in excess of $500,000 on an annual basis.

49. Studio C is a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in 29 U.S.C. § 203(s)(1).

50. Plaintiff is a covered individual "engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

51. The overtime provisions of the FLSA apply to Defendants with regard to Plaintiff's employment.

52. Plaintiff was a nonexempt employee under the FLSA.

53. Defendants were aware or should have been aware that federal law required them to pay overtime to Plaintiff for all time worked in excess of 40 hours per week.

54. Defendants did not make a good-faith effort to ascertain and comply with their obligations under the FLSA.

55. Defendants' violation of the FLSA was willful.

56. Plaintiff has suffered economic damages as a result of Defendants' unlawful compensation practices and is entitled to statutory remedies provided pursuant

to the FLSA, including unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

**REQUESTED RELIEF**

A.  For the Court to find that the Defendants willfully violated the overtime provisions of the FLSA;

B.  For the Court to find that a three-year limitations period is appropriate because Defendants willfully violated the FLSA;

B.  For an award of damages of unpaid overtime, plus an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

C.  For an award of reasonable attorneys' fees and costs; and

D.  For an award of pre and post judgment interest on all compensation due.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial to the extent authorized by law.

Dated this 14th day of August, 2013

Matheson & Matheson, PLC

By: */s/ Darrel S. Jackson*